OPINION
In November of 1998, Regina H. Montgomery was indicted by a Franklin County grand jury on a single count of murder with a firearm specification. The indictment arose as a result of the October 24, 1998, shooting death of a woman Ms. Montgomery found in her boyfriend's bed.
Following a jury trial, Ms. Montgomery was ultimately convicted of the lesser offense of voluntary manslaughter, along with the firearm specification. The sentencing range for this first-degree felony is a term of imprisonment of 3, 4, 5, 6, 7, 8, 9 or 10 years. The trial court sentenced her to nine years of imprisonment, plus an additional consecutive three-year term for firearm specification.
Ms. Montgomery pursued a direct appeal to this court, which resulted in a limited reversal and remand. In State v. Montgomery (Sept. 26, 2000), No. 99AP-1198, unreported, ("Montgomery I"), a panel of this court remanded the case to the trial court based solely upon a sentencing error. In particular, the trial court failed to comply with those portions of R.C. Chapter 2929 requiring the court to make certain findings in order to depart from the statutory mandate to impose the shortest sentence statutorily available upon an offender such as Ms. Montgomery.
On remand, the trial court imposed the same sentence.
Regina H. Montgomery (hereinafter "appellant") has again appealed to this court, assigning a single error for our consideration:
ASSIGNMENT OF ERROR
 The trial court erred when it failed to impose the shortest prison term authorized for the offense when the defendant had not previously served a prison and the record failed to support findings which would have allowed for the imposition of a longer sentence.
In this appeal, the parties agree upon the underlying facts of the offense itself as adduced at trial. We glean the basic facts from Montgomery I, in pertinent part, as follows:
 In November 1998, appellant was indicted on a single count of murder with a firearm specification in the death of Latonya Joseph. * * * Appellant lived in a Columbus apartment with her boyfriend, James Morris. On October 23, 1998, appellant and Morris were involved in an argument with each other, whereupon appellant left the apartment. The next day, appellant returned to the apartment and found her boyfriend in bed asleep with Latonya Joseph. Appellant retrieved Morris'[s] gun, which he kept in a boot near the bed, and fired two shots. Joseph was hit by the second shot and subsequently died.
* * *
 At trial, appellant claimed that, although she intentionally fired the gun, she did not do so with any specific intent to shoot anyone. * * * [Id. at 1-3.]
In her sole assignment of error, appellant again contends that the trial court abused its discretion in imposing the same sentence which was at issue in the first appeal.
In remanding this cause for sentencing, the Montgomery I court first recognized that the state conceded that the trial court "* * * failed to find on the record facts to support a sentence greater than the shortest authorized prison term." Id. at 9.
In accord with the law-of-the-case doctrine, we quote at length the legal analysis set forth in Montgomery I, which ultimately resulted in the remand:
 Appellant had not previously served a prison term. If the trial court decides to impose a prison sentence on an offender of a felony who has not previously served a prison term, the trial court is required to impose the shortest authorized prison term unless the trial court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B).
 The trial court is not required to explain its findings when deciding whether or not to impose the shortest authorized prison term. State v. Edmonson (1999), 86 Ohio St.3d 324, 326. However, under Edmonson, the record must reflect that the trial court made all the requisite findings when determining whether or not to impose the shortest authorized prison sentence on a felony offender who has not previously served a prison term. Id.
 In this case, * * * the trial court sentenced appellant to nine years['] imprisonment for the conviction of voluntary man-slaughter, a first-degree felony. The shortest authorized prison sentence for a first-degree felony is three years. R.C. 2929.14(A)(1). The trial court noted while imposing its sentence that "this is a felony of the first degree, it's manslaughter where a life has been taken, is extremely serious, extremely great loss to the family and others and it's the type of conduct which society just absolutely cannot condone."
 We conclude that the above comments by the trial court do not comply with the requirements in R.C. 2929.14(B), that the trial court find that the shortest authorized prison sentence would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime. As well, the record provides no indication that the trial court even considered the factors under R.C. 2929.14(B) when deciding not to impose the shortest authorized prison sentence on appellant. [Id. at 9-10.]
Given the foregoing, we examine the record of the remand proceedings to ascertain compliance with this court's mandate, in particular whether the trial court properly considered those factors enumerated in R.C.2929.12(B). As indicated infra, that section sets forth certain factors which might indicate that the offender's conduct is "more serious than conduct normally constituting the offense." In toto, those factors are:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
Division (D) sets forth recidivism factors indicative of those offenders "who pose the greatest likelihood of committing future crimes," as follows:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * or under post-release control * * * for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
Turning again to the transcript of the remand/resentencing proceedings, we look to discern whether the trial court did sufficiently comply with R.C. 2929.12.
Given the nature of this appeal, we quote at length the trial judge's "reasons stated on the record" for imposing the original sentence:
 * * * [T]his case is back from the Court of Appeals * * *, having indicated to this Court that it needed to address 2929.14(B) in specifics. This Court did impose a nine-year sentence with three-year gun spec on the last, in the first and initial sentencing in this case, and at that time this Court did make the statement that this was an extremely serious matter, first-degree felony under the law of the State of Ohio because it's manslaughter, a life has been taken, it's extremely important that this type of conduct be prevented in our society as a way of settling disputes, and there has been an extreme loss to the family which was demonstrated throughout this trial to the Court and others who were here. Of course, the victim suffered the ultimate serious physical harm, which is mentioned in the sentencing statutes, and the victim's family has suffered the ultimate psychological harm human beings suffer when they lose loved ones, particularly in this manner.
 With respect to the indicia of the statute, this Court does not have having sat through the trial, listened to the facts, which are accurate as the way they were described by the State, you and your boyfriend were going through a rile [sic] to the point where you had been put out of the home and you came back, forced the door, went up to the bed chamber, you know where the gun was when you found her in bed with him, you knew where he kept the gun beside the bed, you retrieved it, you then used it. And although you say you did it to scare someone, you fired one into the ceiling, there's no question, the second shot this Court has a lot of trouble believing that you fired that to scare anybody. You fired that knowing the results of that use of that gun was going to have, the result, probably have the result that it had, which is the definition of knowingly, which is exactly what the jury found in this case. That is, it hit the victim right in the chest, below the neck, and caused death. That's exactly the type of conduct that our society needs to be protected from. I believe that is your manner of resolving disputes. [Tr. 11-12.]
We agree with appellant that the above "reasons" offered by the trial court, in large part, mirror those given at the first sentencing hearing, which were ultimately deemed inadequate by this court. We also agree with appellant's observation that, by definition, a manslaughter offense requires a victim's death. We certainly understand the trial court's discussion of the inevitable emotional and other harm resulting from the victim's death. However, that death itself is a necessary element of the offense; although its effects can be considered (i.e., the "any other relevant factor"), it is not a statutory factor such as those contemplated by R.C. 2929.12(B) those looking beyond the basic elements of an offense and, instead, considering the surrounding circumstances of each unique case in an attempt to estimate a risk of recidivism; to determine the offense's relative "seriousness" vis-á-vis other voluntary manslaughter offenses; and, to determine whether a certain sentence would demean the seriousness of the offense.
On remand, however, the trial court's stated reasons went beyond the judge's initial discussion of the trauma related to death, both physical and emotional, suffered by both the victim and the victim's survivors. The judge further stated:
 It is of note you were on probation to this Court at the time of this offense. I believe the public needs that protection, that should you be free for a certain period and be involved in relationships, that this seems to be your manner of settling the score with a loved one who has terminated a relationship that does not live up to your end of the bargain.
 I also believe the conduct involved here is one in which the shortest period of time that would not demean the seriousness of this conduct is the sentence that I originally imposed.
 This Court this was not some situation where there's a technical reason in the law why this got into a voluntary manslaughter. This was the resorting to the use of a weapon, the use of that weapon against another human being and it resulted in the death. So the Court believes that the shortest term that would not demean the seriousness of the offense under the facts of this case is the nine-year sentence. The public needs protection with respect to this type of conduct from you as a Defendant and the Court believes that nine years is the appropriate sentence. * * *
 The Court will also note that the Court of Appeals also had the ability under the sentencing statutes to resentence if it wished to, it did not take that opportunity in this case, it remanded it for the sentencing of this trial court, and the Court of Appeals recognized the trial court sat through this trial and was much more familiar with the facts of the case. * * * [Tr. 12-13.]
As compared with the sentencing deficiencies in Montgomery I, the latter portion of the judge's dissertation demonstrates the judge's consideration and application of at least a few of the relevant factors delineated above. Accordingly, although the findings are rather minimal, the findings do satisfy the statutory requirements of R.C. 2929.12
et seq.
Based upon the record before us, we cannot find that appellant has demonstrated the requisite abuse of discretion by the trial court in the sentencing remand. Accordingly, the assignment of error is overruled.
Having overruled the assignment of error, the judgment of the trial court is hereby affirmed.
 _________________ TYACK, J.
BRYANT, P.J., and LAZARUS, J., concur.